UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SENSIS CORPORATION,

                Plaintiff,

      v.                                        5:07-CV-543
                                                      (FJS/GJD)

DAVID LYSACK; JUSTIN R. LOUISE;
BRIAN HARRY; C SPEED, LLC; and
316 COMMERCE HOLDINGS, LLC,

                Defendants.

---

**APPEARANCES**                                          **OF COUNSEL**

**BOND, SCHOENECK & KING, PLLC**      **LOUIS ORBACH, ESQ.**
One Lincoln Center                              **SUZANNE O. GALBATO, ESQ.**
Syracuse, New York 13202
Attorneys for Plaintiff

**HANCOCK & ESTABROOK, LLP**           **EDWARD J. SMITH, III, ESQ.**
MONY Towers                                          **MICHAEL J. SCIOTTI, ESQ.**
1500 Tower I
P.O. Box 4976
Syracuse, New York 13221-4976
Attorneys for Defendants

**GREENBERG TRAURIG, LLP**                **BRIAN S. COUSIN, ESQ.**
Met Life Building
200 Park Avenue
New York, New York 10166
Attorneys for Defendants

**SCULLIN, Senior Judge**

# ORDER

       On May 22, 2007, Defendants removed this action from New York State Supreme Court to this District. *See* Dkt. No. 1. On the same day, Plaintiff moved, by Order to Show Cause, for

a temporary restraining order and a preliminary injunction. *See* Dkt. No. 5. After reviewing Plaintiff's submissions in support of its motion, the Court ordered Defendants to show cause why the Court should not grant Plaintiff's request for a temporary restraining order. *See* Dkt. No. 9. On May 25, 2007, Defendants submitted their papers in opposition to Plaintiff's motion. *See* Dkt. No. 12. By Order dated May 26, 2007, the Court denied Plaintiff's motion for a temporary restraining order and scheduled a hearing for June 5, 2007, regarding Plaintiff's motion for a preliminary injunction. *See* Dkt. No. 13.

During the course of the hearing on June 5, 2007, the Court held a conference with counsel to determine if the parties could agree to the terms of a preliminary injunction. Based upon the parties' agreement regarding certain issues discussed at that conference, the Court hereby

**ORDERS** that, on or before **June 8, 2007**, Plaintiff shall serve document requests and interrogatories limited to discovering information about Defendants' radar-related work; and the Court further

**ORDERS** that, on or before **June 22, 2007**, Defendants shall serve a responsive pleading to Plaintiff's discovery requests, which shall include responses and/or objections to those requests; and the Court further

**ORDERS** that, on or before **June 22, 2007**, the parties shall stipulate to a protective order or, if they cannot do so, the parties shall submit the issue of a protective order to Magistrate Judge DiBianco on or before that date; and the Court further

**ORDERS** that, to the extent that Defendants can produce the requested documents without objection, they shall do so on or before **July 6, 2007**; and the Court further

**ORDERS** that, to the extent that Defendants have objections to the production of any of the requested documents, they shall present those objections to Magistrate Judge DiBianco for resolution on or before **July 6, 2007**; and the Court further

**ORDERS** that, within thirty days of the production of documents, Plaintiff may, if it so desires, conduct a Rule 30(b) deposition limited to the issue of Defendants' radar-related work after the time that Defendants' employment with Plaintiff terminated; and the Court further

**ORDERS** that, on or before **June 15, 2007**, Defendants shall serve document requests and interrogatories regarding the issue of trade secrets to the extent that Magistrate Judge DiBianco determines such discovery is appropriate, including whether Defendants should be permitted to conduct a Rule 30(b)(6) deposition regarding this issue; and the Court further

**ORDERS** that Plaintiff shall respond to Defendants' document requests and interrogatories according to the schedule that Magistrate Judge DiBianco establishes for such responses; and the Court further

**ORDERS** that, all of the foregoing discovery is without prejudice to Defendants' right to make a motion to compel arbitration pursuant to the arbitration clauses contained in Defendant Lysack's and Defendant Louise's employment agreements and is without prejudice to any other discovery in this matter either in litigation or arbitration; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge DiBianco for all pretrial matters, including, but not limited to, any discovery-related disputes, including the interpretation of the term "trade secret;" and the Court further

**ORDERS** that Plaintiff's motion for a preliminary injunction is **GRANTED** to the extent that, during the pendency of this action, Defendants are preliminary enjoined from using any of

Plaintiff's "trade secrets" that they obtained from Plaintiff or any property or information that they obtained in violation of any confidentiality agreements; and the Court further

**ORDERS**, that, because the parties have agreed to the scope of the preliminary injunction, Plaintiff shall not be required to give security at this time; and the Court further

**ORDERS** that Defendants' counsel will hold in trust and not allow access to any documents that Defendants took from Plaintiff and, likewise, will hold in trust and not allow access to any exhibits that Plaintiff provided to Defendants' counsel for purposes of the preliminary injunction hearing; and the Court further

**ORDERS** that, to the extent that Defendants may require access to the documents held in trust to defend against any issues of liability, they shall make an application to Magistrate Judge DiBianco for his determination as to whether and to what extent they shall have access to such documents; and the Court further

**ORDERS** that Defendants shall file their motion to compel arbitration on or before **June 19, 2007**; and the Court further

**ORDERS** that Defendants shall select **July 27, 2007**, as the return date for their motion to compel arbitration; and the Court further

**ORDERS** that Plaintiff shall file its papers in opposition to Defendants' motion to compel arbitration on or before **July 10, 2007**; and the Court further

**ORDERS** that Defendants shall file their reply papers, if any, in further support of their motion to compel arbitration on or before **July 16, 2007**; and the Court further

**ORDERS** that Defendants' motion to compel arbitration shall be taken on submit without oral argument.

**IT IS SO ORDERED.**

Dated: June 13, 2007
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge