UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SENSIS CORPORATION,

                                  Plaintiff,

                    v.                                  5:07-CV-543
                                                              (FJS/GJD)

C SPEED, LLC; and
316 COMMERCE HOLDINGS, LLC,

                                Defendants.
_____

**APPEARANCES**                                        **OF COUNSEL**

**BOND, SCHOENECK & KING, PLLC**        **LOUIS P. DILORENZO, ESQ.**
One Lincoln Center                             **LOUIS ORBACH, ESQ.**
Syracuse, New York 13202                **SUZANNE O. GALBATO, ESQ.**
Attorneys for Plaintiff

**HANCOCK & ESTABROOK, LLP**           **JOHN G. POWERS, ESQ.**
1500 AXA Tower I                               **MICHAEL J. SCIOTTI, ESQ.**
P.O. Box 4976
Syracuse, New York 13221-4976
Attorneys for Defendants

**SEYFARTH SHAW LLP**                      **BRIAN S. COUSIN, ESQ.**
620 Eighth Avenue
New York, New York 10018-1405
Attorneys for Defendants

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court are Plaintiff's motion to remand this action to state court or, in the alternative, to deny Defendants' motion to dismiss the original complaint as moot; Defendants' motion to dismiss Plaintiff's original complaint; and Defendants' cross-motion to

dismiss the individual Defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court will address each of these motions in turn.

## II. DISCUSSION

**A. Defendants' cross-motion to dismiss the individual Defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure**

Defendants filed their cross-motion to dismiss the individual Defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure on December 26, 2007. *See* Dkt. No. 90. On May 1, 2008, the parties filed a stipulation of dismissal, in which they agreed to the dismissal of the individual Defendants, David Lysack, Justin Louise, and Brian Harry, from this action with prejudice. *See* Dkt. No. 97. The Court so ordered that stipulation on May 5, 2008. *See* Dkt. No. 98. Accordingly, the Court denies Defendants' cross-motion to dismiss the individual Defendants as moot.

**B. Plaintiff's motion to remand this action to state supreme court**

*1. Procedural history*

Plaintiff originally commenced this action in New York State Supreme Court, Onondaga County, against Defendants David Lysack, Justin Louise, Brian Harry, C Speed, LLC and 316 Corporate Holdings, LLC, alleging ten state-law causes of action, including claims for misappropriation of trade secrets, unfair competition, conversion, breach of fiduciary duties, breach of contract and recision, as well as a federal claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Plaintiff asserted its federal claim solely against two of the individual

Defendants, David Lysack and Justin Louise.

On May 18, 2007, Plaintiff moved for a temporary restraining order and preliminary injunction by order to show cause. State Supreme Court Justice Anthony Paris scheduled the preliminary injunction hearing for June 27, 2007, and directed the parties to appear before him on May 22, 2007, for a conference to discuss Plaintiff's request for a temporary restraining order.

On May 21, 2007, the day before the scheduled conference with Justice Paris, Defendants removed the case to this Court based on the federal claim against the two individual Defendants. *See* Dkt. No. 1. Thereafter, Plaintiff moved for a temporary restraining order, *see* Dkt. No. 5, which this Court denied on May 26, 2007, *see* Dkt. No. 13. The Court held a hearing on Plaintiff's motion for a preliminary injunction on June 5, 2007. On June 13, 2007, the Court granted Plaintiff's motion for a preliminary injunction, to which Defendants agreed, and set a schedule for expedited discovery concerning Defendants' radar-related work. *See* Dkt. No. 34.

On June 29, 2007, Defendants filed a motion to dismiss. *See* Dkt. No. 45. Plaintiff filed papers in opposition to that motion. *See* Dkt. No. 55. For the next several months, the parties engaged in some limited discovery under the direction of Magistrate Judge DiBianco.

On November 13, 2007, Plaintiff filed an amended complaint as of right under Rule 15 of the Federal Rules of Civil Procedure. *See* Dkt. No. 82. This amended complaint differed in a number of ways from the original complaint; most significantly for purposes of this motion, Plaintiff did not plead a federal claim. On November 15, 2007, at Defendants' request, Magistrate Judge DiBianco suspended all further discovery until this Court decided whether to remand this action to state court. On December 11, 2007, Plaintiff filed its pending motion to remand this action to state court or, in the alternative, to deny Defendants' motion to dismiss its

original complaint as moot.

### 2. *Grounds for remand*

Section 1367 of Title 28 of the United States Code governs a district court's exercise of supplemental jurisdiction. In pertinent part, § 1367(a) provides that,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

28 U.S.C. § 1367(a).[1]

Subsection (c), however, provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). Although subsection (c) provides that the court "'may' decline to exercise such jurisdiction," thereby being permissive rather than mandatory, "[t]he proper scope of the district court's discretion . . . is not boundless." *Valencia v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (citations omitted).

The *Valencia* court noted that in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50

---

[1] The parties do not dispute that Defendants properly removed this action. Nor do they dispute the fact that the Court retains subject matter jurisdiction even though Plaintiff's amended complaint no longer contains a federal cause of action. *See Flicker v. LT Online Corp.*, No. 07-1144, 2007 U.S. Dist. LEXIS 79340, *2-*3 (E.D.N.Y. Oct. 25, 2007) (noting that, "[e]ven if the federal question giving rise to federal subject matter jurisdiction is later withdrawn, '[t]he modern rule . . . is that a federal court [has] the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceeding.'" (quotation omitted)).

(1988), the Court explained that "'*Gibbs* drew a distinction between the power of a federal court to hear state-law claims and the discretionary exercise of that power.  The *Gibbs* Court recognized that a federal court's determination of state-law claims could conflict with the principle of comity to the States and with the promotion of justice between the litigating parties.'" *Valencia*, 316 F.3d at 305 (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-50, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)).  Moreover, the *Cohill* Court held that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

   Relying on these principles, the *Valencia* court noted that the Second Circuit had held that, in some cases, "the district court did not abuse its discretion in exercising supplemental . . . jurisdiction over state-law claims after the plaintiff's federal claims had been dismissed." *Valencia*, 316 F.3d at 305.  Those cases involved situations in which the state-law claims implicated preemption, *see Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998); where the court dismissed the federal claims just nine days before the trial was to begin, *see Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1191-92 (2d Cir. 1996); and where, by the time the federal court had dismissed the federal claims, discovery was completed, the court had decided three dispositive motions, the case was ready for trial and the state-law claims did not involve any novel legal questions, *see Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1055 (2d Cir. 1990).  *See Valencia*, 316 F.3d at 306 (citing cases).  To the contrary, "where the federal claims had been dismissed at a relatively early stage and the remaining claims involved issues of

state law that were unsettled, [the Second Circuit] ha[s] concluded that the exercise of supplemental . . . jurisdiction was an abuse of discretion." *Id.* (citations omitted).

In a case similar to this one, the defendant removed the case to the district court and then moved to dismiss the claims relating to the New York Labor Law and the declaratory judgment. *See Flicker v. LT Online Corp.*, No. 07-1144, 2007 U.S. Dist. LEXIS 79340 (E.D.N.Y. Oct. 25, 2007). While that motion was pending, the plaintiff filed an amended complaint in which he withdraw his federal claim under ERISA. Relying upon the above-stated principles, the court found "that it would be inappropriate to retain jurisdiction . . . [because] [t]his case now involves only state law claims, rendering remand consistent with the comity interest that informs the doctrine of supplemental jurisdiction." *Id.* at *3 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)). The court explained further that there would "be no inefficiencies or inconvenience associated with a remand as this case has not progressed very far . . . [and] 'the state court was the forum of plaintiff's choice, an interest that is entitled to some consideration.'" *Id.* at *4 (quotation and other citation omitted).

In reaching its decision, the *Flicker* court found unpersuasive the defendant's argument that the plaintiff had evidenced bad faith by not filing his amended complaint until after the defendant served its motion to dismiss. *See id.* The court noted that the plaintiff's amendment was of right under Rule 15 and the delay was not prolonged – less than three months of the delay was attributable to the plaintiff. *See id.* The court also rejected the defendant's argument that it would "'have to start from scratch in state court and its substantial efforts in this Court would be wasted . . . .'" *id.* (citation omitted), noting that "[s]urely [d]efendant shall be able to use its already prepared motion papers with little adjustment should it wish to pursue dismissal in the

state court. . . ." *id.* at *4-*5.

In the present case, except for Defendants' conclusory and unsupported assertion that Plaintiff is "forum shopping," there does not appear to be any reason why the Court should not remand this matter to New York State Supreme Court, Onondaga County, the court from which Defendants removed it.  Plaintiff's amended complaint, which it filed as a matter of right, asserts only state-law claims.[2]  Although the parties have engaged in some discovery, it has been limited and there is nothing to prevent either party from using the information that they have obtained from that discovery to support their relative positions in state court.  Moreover, although the Court has issued two orders in this case – one denying Plaintiff's motion for a temporary restraining order and one granting Plaintiff's motion for a limited preliminary injunction – the Court has not issued a dispositive decision and has not expended an inordinate amount of time on this litigation.  Finally, although there may be a minor delay in the litigation as a result of the remand, there is no reason to believe that the delay will be lengthy; and Defendants do not argue that a remand will prejudice them in any way.  Accordingly, the Court grants Plaintiff's motion to remand this matter to New York State Supreme Court, Onondaga County.[3]

---

[2] In its amended complaint, Plaintiff asserts the following state-law causes of action against Defendants C Speed, LLC and 316 Commerce Holdings, LLC: (1) breach of the Asset Purchase Agreement against Defendant C Speed, LLC; (2) conversion against Defendant 316 Commerce Holdings, LLC; (3) breach of the Asset Purchase Agreement and legal duty to refrain from soliciting former customers against Defendant C Speed, LLC; (4) breach of Non-competition, Non-disclosure and Non-solicitation Agreement against Defendant C Speed, LLC; (5) misappropriation of confidential, proprietary and trade secret information against Defendants C Speed, LLC and 316 Commerce Holdings, LLC; and (7) recision of the Asset Purchase Agreement against Defendant C Speed, LLC.

[3] The Court notes that the cases that Defendants cite to support their position that the Court should not remand this case are easily distinguishable on their facts and are not dispositive
(continued...)

### *3. Defendants' request for an award of fees and costs*

Defendants request that, if the Court grants Plaintiff's motion to remand, the Court award them their fees and costs associated with removing this action and opposing Plaintiff's motion to remand. Section 1447(c) of Title 28 of the United States Code provides, in pertinent part, that "[a]n order remanding the case **may** require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). Section 1447(c) allows the court, in its discretion, to award such costs and fees, and under certain circumstances, such as bad faith or dilatory tactics on the part of the plaintiff, such an award might be justified. However, in this case, there is nothing in the record to indicate that Plaintiff has acted in bad faith or is attempting to frustrate resolution of this action. Plaintiff has done nothing more than exercise its rights – first to file this action in state court and, second, to amend its complaint as of right to withdraw some of its claims and to discontinue its suit against

---

[3](...continued)
given the facts of this case. *See, e.g., Payne v. Parkchester North Condos.*, 134 F. Supp. 2d 582 (E.D.N.Y. 2001) (court denied both the plaintiffs' motion to amend their complaint to remove their federal claims and their motion to remand in part because the plaintiffs "candidly admitted . . . that they had no additional reason beyond forum-shopping for . . . seeking to hinge their case on state law . . . ."); *Bradford v. Olympic Courier Sys., Inc.*, No. CV 96-5693, 1997 WL 57-72-(E.D.N.Y. Sept. 2, 1997) (after the plaintiffs filed three actions against the defendants based on the same events, two in state court and one in federal court, the defendants moved to dismiss the third action on the ground that they should not be required to defend the identical substantive claims in two different courts; the court granted the defendants' motion, relying on *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1966)); *Bennett v. Beiersdorf, Inc.*, 889 F. Supp. 46 (D. Conn. 1995) (without discussing § 1367 or the factors that a court should consider under § 1367(c) in deciding whether or not remand is appropriate, the court denied the plaintiff's motion to amend her complaint to delete the reference to her Title VII claim and to remand the case to state court); *Merchandising, Inc. v. N.Y. Wholesale Co.*, No. 97 Civ. 6489, 1999 WL 4957 (S.D.N.Y. Jan. 6, 1999) (although the court addressed supplemental jurisdiction, it did not do so in the context of a motion to remand; the plaintiffs commenced their trademark infringement action in federal court).

certain parties. Therefore, the Court denies Defendants' request.

### III. CONCLUSION

After carefully reviewing the entire file, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion to remand this matter to New York State Supreme Court, Onondaga County, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall mail a certified copy of this Order to the Clerk of the New York State Supreme Court, Onondaga County, as 28 U.S.C. § 1447(c) requires; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's original complaint is **DENIED** as moot; and the Court further

**ORDERS** that Defendants' cross-motion to dismiss the individual Defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

Dated: December 30, 2008
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge